**UNITED STATES of America, Plaintiff,**

v.

**Laura Irene TROMBLEY, Defendant.**

**Crim. No. 83–CR–60040.**

United States District Court,
E.D. Michigan, S.D.

May 3, 1983.

Michael Lavoie, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

Gershwin Drain, Detroit, Mich., for defendant.

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

THORNTON, District Judge.

This matter is before the Court on Defendant's Motion entitled "Motion to Suppress Statements." The matter has been briefed, an evidentiary hearing was held and oral arguments of counsel heard by this Court on April 27, 1983. At that time the Court ruled that the statements made by Defendant Laura Trombley after her arrest, including her alleged consent to search her garage, were elicited in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were involuntary under *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) and were in violation of the Fourth Amendment of the United States Constitution and therefore were and are inadmissible at trial.

The Government in this case concedes that statements made by the defendant subsequent to her arrest were in violation of the required warnings set forth in *Miranda, supra,* but contends that the consent to search provided by the defendant subsequent to the arrest was voluntary and therefore that defendant's verbal consent to search her garage is admissible evidence in the trial of this matter.

The test of whether a constitutionally valid search of premises has been made without a warrant is whether the person in control thereof has given his or her voluntary consent. *Schneckloth v. Bustamonte, supra.* Further, voluntariness is to be determined "from the totality of the circumstances," *Id.,* and consent "must be proved by clear and positive testimony and must be 'unequivocal, specific and intelligently given, uncontaminated by any duress or coercion.'" *United States v. Hearn,* 496 F.2d 236 (6th Cir.), *cert. denied,* 419 U.S. 1048, 95 S.Ct. 622, 42 L.Ed.2d 642 (1974). Finally, knowledge of the right to refuse is highly relevant to the determination that there has been consent. *United States v. Mendenhall,* 446 U.S. 544, 558, 100 S.Ct. 1870, 1879, 64 L.Ed.2d 497 (1980).

 The following factors determined at the evidentiary hearing in this matter convince this Court that the Government not only elicited statements concededly in violation of required *Miranda* warnings but also obtained an involuntary consent to search defendant's garage:

1. The defendant is a 50 year old woman with four children who lives with her husband and who has no previous record or, to this Court's knowledge, contact with the criminal justice system;

2. The arresting F.B.I. agent, Douglas Knight, gained entry into defendant's home under false representation of his identity and placed the defendant under arrest after she produced certain numbers for comparison with other numbers held by the agent;

3. The agent then motioned to two other agents who entered defendant's home where all gathered in the kitchen;

4. While in the home of the defendant, the agent never told the defendant that she could remain silent, that her statements could be used against her or that she had a right to an attorney;

5. After showing the defendant and her husband a copy of the Indictment, the agent proceeded to ask the defendant several times the whereabouts of a certain 1981 Cadillac Seville;

6. Further, testimony of an accompanying agent indicated that when the defendant asked Agent Knight what would happen if she refused to answer, he responded that he would obtain a warrant.

7. The testimony of Agent Knight that he told the defendant she could refuse to answer his questions or that she had a choice as to whether to answer, is not credible in light of the testimony of the Defendant, her husband as well as the accompanying agents none of whom confirms Agent Knight's testimony.

8. There was no testimony that the defendant was ever told or led to believe that she could refuse to answer the agent and nothing adverse would happen to her or that the search warrant requirement was not simply an automatic key to her garage or her home.

9. While the defendant appears intelligent and capable of understanding information conveyed by the agents, the agents failed to take the most basic precautions to assure that the defendant understood her rights and the constitutional protections afforded her under the circumstances.

10. For the above reasons the Court believes the defendant's testimony that she answered the agent's questions and agreed to let them take a 1981 Cadillac from her garage because she felt she had no other choice. Her consent therefore was not intelligently given or uncontaminated by any duress or coercion.

Therefore, IT IS ORDERED that the Defendant's Motion to Suppress the evidence obtained from the illegal search and seizure in defendant's home on February 15, 1983, be and the same hereby is GRANTED.